Dear Mr. Elliott:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Certified stress Analysts Board in regard to communications made to an analyst or polygraphist. You ask the following questions:
 1. What is required of the analyst/polygraphist, when information is discovered and/or admissions of other crimes are made by the examinee, either during the examination or in pre-test or post-test interviews; is it required that the examiner report the commission of these crimes to law enforcement authorities;
 2. Does it make a difference if the analyst/polygraphist is acting as an agent of a psychologist or psychiatrist when he learns of the crimes from the person being examined;
 3. Does it make a difference if the analyst/polygraphist is a law enforcement officer; and
 4. If the analyst/polygraphist has assured the examinee of the confidentiality, either orally or in writing, what effect does assurance have on the reporting of the admitted crime.
We would conclude in answer to your last question that any information received by an analyst/polygraphist after having advised the examinee of confidentiality would be privileged and prohibited from disclosure. Such a guarantee has to be considered along with the requirement in R.S. 37:2879 (2) that a person to be examined be informed that his participation in the examination is voluntary. It is inconsistent to conclude after informing a party to be examined that his information is confidential and his participation is then voluntary that the information can be disclosed. It could not be deemed free and voluntary or intelligently given.
In answering all of your other questions, it would obviously follow if there is a guarantee of confidentiality this would prevail, and no disclosure would be permitted. However, we would assume these questions are presented in the context that there was no representation of confidentiality by the examiner and there was a proper admonition that the participation is voluntary.
In regard to your first two questions we must conclude that the answer would depend upon whom the analyst/polygraphist is acting for. We believe when the analyst or polygraphist is acting as an agent for a psychologist or psychiatrist he would be bound by the same client privilege as they are bound who are agents of an attorney. In State v. Montgomery, 499 So.2d 709, (La.App 1986) the court was presented with the question of the extension of the attorney/client privilege, and recognized that many states have expanded their attorney/client privilege to include their agents. However, it was determined that what is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. Therein the court citedBrown v. State, 448 N.E.2d 10 (Ind. 1983) which found that the statement made by the defendant to a polygraph examiner hired by the defendant's attorney would fall within the privilege.
While we would conclude the client privilege may be extended to the examiner, we feel the principles set forth in New OrleansSaints v. Griesedieck, 612 F. Supp. 59 (La. E.D. 1985) would have to be considered before applying the extension of the privilege. The court found relevant elements necessary to establish the privilege would include that the communication was made to the attorney or his subordinate in his professional capacity, it was made outside of the presence of strangers, it was made for the purpose of obtaining an opinion on law or legal services, and the privilege was not waived. We feel this concept would have to apply to communications to an analyst/polygraphist acting as an agent of a psychologist or psychiatrist to extend the privilege to the examiner.
If the elements necessary to extend the privilege to the examiner do not exist, and if no assurance of confidentiality had been given, we believe the examiner should report the admission of the commission of crimes to the law enforcement authorities although we do not find a criminal offense is committed if it is not reported. State v. Jackson, 344 So.2d 261 (La. 1977).
If the analyst/polygraphist is a law enforcement official consideration should be given to the requirement that the person being examined must be advised that his statements are voluntary, and when the examiner is acting on behalf of the department he should obtain a waiver by giving the Miranda warnings to insure any admissions can be used against the individual.
Therefore, if the privilege is extended to the analyst/polygraphist as an agent he cannot disclose the admission; but if there is a waiver the examiner should inform law officers of the admissions but is not legally mandated to turn over this information. However, if the examiner is a law enforcement official we find as their agent the admissions cannot be used against the examinee if he was not given his Miranda warnings and agreed to a waiver.
We hope this sufficiently answers your question but realize each statement will depend upon the warnings and waivers given. If we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR